### In re COFFEY.

Court of Customs and Patent Appeals. February 21, 1930.

Patent Appeal No. 2201.

Wesley G. Carr, of Pittsburgh, Pa. (Ezra W. Savage, of Pittsburgh, Pa., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge. The appellant filed his application in the Patent Office for a patent on improvements in gear-shifting mechanisms. Both the examiner and Board of Appeals rejected the claims here in issue, the board differing with the examiner in its reasons therefor as to claims 1 to 4, inclusive, 6, and 7, 5, and 18, but arriving at the same conclusion as to their allowance.

On the hearing in this court the appellant abandoned his appeal as to all claims, except Nos. 1, 4, 5, 8, 9, and 18. The Board of Appeals rejected claims 1 and 4 on reference to Van Lier et al., 1,148,264, July 27, 1915, and Stubbs, 1,188,022, June 20, 1916; 5 on said Van Lier et al.; 8 and 9 on Rice, 1,087,552, February 17, 1914; and 18 on Van Valkenburg, 1,316,123, September 16, 1919.

The Board of Appeals has described the mechanism involved in the following apt language:

"The structure involved is a gear shifting device of the preselector type wherein a selection is made by the operator on a sector mounted on the steering column and a subsequent operation of the clutch pedal will cause the apparatus to function to shift the slidable gears of an ordinary transmission to the preselected ratio indicated by the sector on the steering column. Applicant provides a separate device mounted on top of an ordinary slidable gear transmission giving three speeds forward, neutral, and reverse. Said device consists of an outer cylinder in fixed relation to the gear box and having an inner cylindrical member which is rotatable with respect to the outer member. The inner cylindrical member has rotatably connected to it a shaft extension which in turn is connected to the clutch pedal through a lost motion connection of the slot and pin type. The inner cylindrical member also has another shaft extension on the opposite side which is permanently affixed thereto and by means of gear connections is capable of being rotated by the selector lever on the steering column. Said last mentioned shaft extension is hollow and contains an inner pin which pivotally supports a member at right angles to its axis and which member extends through the lower part of the outer cylindrical member and into the recesses of the sliding bars of the ordinary gear transmission positioned underneath the same. The hollow shaft and the pin have a spiral spring interconnecting them so as to provide a somewhat flexible connection but at the same time causing the pin to follow the movements of the shaft when free to rotate. The outer cylindrical member has slots of H for-

mation cut in its under surface so as to guide the pivoted member in its translation. The cylindrical portion of the inner member has notches cut in its periphery so as to accommodate the pivoted member to allow it to swing clockwise or counterclockwise about its pivot to shift the gears in either direction."

We now recur to the claims. Claim one is typical of claims one and four, and is as follows:

"1. The combination with a transmission mechanism comprising a plurality of shiftable elements for securing a plurality of speed ratios in the forward direction and one speed ratio in reverse direction, of a gear-shifting mechanism having a single member for connecting said gear-shifting mechanism to said shiftable elements and means for actuating said gear-shifting mechanism to select any of said ratios when the shiftable elements are in position for any other speed ratio."

The gist of this claim seems to be the single member for connecting the gear-shifting mechanism to the shiftable elements. This the Board says is anticipated by the references cited. A single actuating member, *12*, is shown by the reference Van Lier et al., and, while it operates in a different manner, it is a single member. In the Stubbs reference there is also such a single actuating member in the plunger, *38*, which, when properly aligned, operates slides and shifts the gears as preselected.

Claim 5 rests upon a single actuating member which will return the transmission elements to a neutral position while the operator has the selector in position to shift gears. This is plainly accomplished by the Van Lier reference and is set out in claim 6 of said patent.

Claims 8 and 9 rest principally upon the means for preselecting the position of the single shifting member, irrespective of the operative position it occupies. The Board properly held that this was shown by the Rice reference. The Rice mechanism plainly discloses mechanism for neutralizing the gear shift when it is desired to shift from one speed to another, without moving the wheel control lever into a neutral position.

The eighteenth claim is as follows:

"18. In a gear-shifting mechanism, the combination with a variable-speed transmission mechanism for providing reverse operation and a plurality of speed ratios for forward operation, of a single member for controlling said transmission mechanism, and means comprising an actuating member, se-

lecting and actuating mechanism and a guide having positions corresponding to the several speed ratios whereby the controlling member is actuated from any of such positions to any other of such positions by continuous movement of said actuating member."

An inspection of the reference Van Valkenburg discloses that mechanism is there provided that, when the control lever is shifted continuously from one position to another, requiring a passage of the actuating element through the *H* of the gear case from one side to the other, will perform that function. While the method of operation is entirely different, the result is the same. The reference is therefore properly cited as to the claim.

The difficulty with appellant's said rejected claims is their generality and indefiniteness. It may well be that some of the features of this mechanism, as to form and structure, are novel and patentable. As he has chosen, however, to rest upon these generalities, his claims must be rejected on the references, which clearly anticipate his claims.

The decision of the Board of Appeals is affirmed.

Affirmed.